THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYES RODRIGUEZ, Appellant. [940 NYS2d 565]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.

There was sufficient nonaccomplice testimony to satisfy the accomplice corroboration requirement (*see* CPL 60.22 [1]; *People v Morales*, 86 AD3d 147, 162 [2011], *lv denied* 17 NY3d 904 [2011]). Nonaccomplice witnesses provided many corroborating details including, but not limited to, the description of a vehicle that matched the description of defendant's vehicle.

Defendant did not preserve his claim that a portion of a nontestifying, jointly tried codefendant's remark, made to one of the accomplice witnesses, implicated defendant and thereby violated his right of confrontation. Under the circumstances, merely requesting certain remedies associated with *Bruton v United States* (391 US 123 [1968]) did not suffice to preserve a Confrontation Clause claim, particularly because the court was not alerted to the issue of whether the remark in question was testimonial. We decline to review this claim in the interest of justice.

As an alternative holding, we find no Confrontation Clause violation. The codefendant's remark to the accomplice witness cannot be viewed as testimonial (*see People v Rodriguez*, 47 AD3d 406, 407-408 [2008], *lv denied* 10 NY3d 770 [2008]). Accordingly, the remark was beyond the reach of the Confrontation Clause (*see e.g. United States v Figueroa-Cartagena*, 612 F3d 69, 85 [1st Cir 2010]). Furthermore, the remark in question was not received for its truth, and it did not facially implicate defendant.

Defendant objected, under *Crawford v Washington* (541 US 36 [2004]), to an officer's testimony about how he learned defendant's nickname. However, this testimony did not violate *Crawford*, because the officer did not directly place before the jury any testimonial statement by a nontestifying declarant, and this portion of the officer's testimony was not offered for its truth. In any event, were we to find any error, we would find it to be harmless.

Defendant's Confrontation Clause argument concerning the testimony of an expert witness is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits, and also find any error to be harmless in any event.

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Catterson, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.